[No. 7,956.—In Bank.]
September 21, 1882.

## THE PEOPLE *v.* E. V. SPENCER.

MISCONDUCT OF ATTORNEY—DISTRICT ATTORNEY.—The defendant, in 1874, as District Attorney, drew an indictment against one H., which was returned by the Grand Jury a "true bill;" and in 1881, appeared in the Superior Court as counsel for the accused.

*Held:* Independent of the Statute, Pen. C., § 162, the conduct of the defendant was reprehensible.   By appearing both for plaintiff and defendant in the same action, he was guilty of a "violation of his duty as an attorney," for which it is our duty to remove or suspend him.   The circumstances presented by the record, while they go towards showing an absence of intentional wrong, do not justify the respondent.

ACCUSATION against attorney.

*W. B. Haskell* and *C. S. Farquar*, for Plaintiff.

There can be no doubt but that Spencer, in appearing as the attorney of Harris, and procuring the indictment which he, as District Attorney had formerly drawn and signed, to be set aside, violated his oath of office, and of his duties as prescribed by Subdivision 1 of Section 282 of the Code of Civil Procedure, and of Subdivision 2 of Section 287, as well Section 162 of the Penal Code.

*E. V. Spencer, in pro. per.*, for Defendant.

In this charge it is assumed that one T. T. Harris was in-

dicted for murder in Lassen County, in May, 1874, and while
I was District Attorney of said county. And that (seven
years later), in April, 1881, I appeared as the attorney of said
Harris, and procured the indictment to be set aside by the
Superior Court of Lassen County. And that in so doing I
was guilty of the crime of misdemeanor under Section 162,
Penal Code. And that in addition to the other penalty pre-
scribed by law for such offense, I should be deprived of my
license as provided in the last clause of that section.

The so-called indictment never was presented by the fore-
man of any Grand Jury, to any Court, in open Court, or in
the presence of the Grand Jury, or never was presented at all.

I never did appear before any Court as District Attorney in
the prosecution of said Harris, or in any way connected with
the prosecution of said case. The preparation of an indict-
ment, and handing it to the foreman of a Grand Jury is every
possible thing I ever had to do with said case as District At-
torney. And this is not the prosecution of a case in Court,
as stated in § 162, P. C.

From the foregoing facts I argue: That said Harris never
was indicted, for the reason that said indictment never was
presented to any Court by the foreman of the Grand Jury, or
in the presence of the Grand Jury, or in open Court, as re-
quired by § 944, P. C. That said Harris never was prose-
cuted in any Court by me as District Attorney. 1. I never
appeared before any Court in any way connected with the
prosecution of said cause as District Attorney. 2. Said Har-
ris never was brought before, or never appeared before, any
Court while I was District Attorney.

Then the indictment must precede the prosecution. The
indictment must be completed before the prosecution begins.
And if we concede that the said indictment amounted to an
actual indictment, then, the defendant never having been
present in Court, or arrested, there could be no prosecution.

Proceedings by a Grand Jury are only for the purpose of
determining whether there is cause for a prosecution, and
they constitute no part of a prosecution. Again, said indict-
ment never was filed in any Court having jurisdiction to try
said cause while I was District Attorney, or at any other

time; consequently there could not have been any prosecution. There can be no forfeiture of license under said Section 162, Penal Code, without a conviction of the crime of misdemeanor mentioned therein. The forfeiture of license mentioned in said section is prescribed only as a punishment for a crime; and then only in addition to the usual penalty provided by law.

The COURT:

In the year 1874, respondent, as District Attorney of Lassen County, drew up an indictment against one Harris, which was returned to the County Court by the Grand Jury, indorsed " a true bill."

In 1881, Harris appeared in the Superior Court, and respondent, as his counsel, moved to set aside the indictment. The motion was granted.

In preparing for and making the motion—which was based upon the omission of certain forms—respondent was not assisted by information received by him in his capacity of District Attorney; and we are convinced that when the motion was made, he had no actual knowledge of the statutory provision which made his act a misdemeanor.

But independent of the statute, there can be no doubt that his conduct was reprehensible. By appearing both for plaintiff and defendant in the same action, he was guilty of " a violation of his duty as an attorney," for which it is our duty to remove or suspend him. (C. C. P., § 287.) Neither his ignorance of the laws, nor the crudity of his notions of professional ethics, can excuse an offense against professional propriety by one whose duty it is to assist in the administration of justice. The degree of turpitude involved in the breach of his duty by an attorney, however, must appear in the circumstances of each case. The punishment which should follow an inadvertent or ignorant departure from professional propriety—no seriously evil consequences having resulted—should be less severe than where the offense is a deliberate or corrupt violation of official oath.

The circumstances presented by the record, while they go towards showing an absence of intentional wrong, do not justify respondent. However innocent his motives, his con-

duct must be condemned.   Yet, in consideration of the facts, we are disposed to inflict a penalty which, while it shall satisfy the provisions of the Code, and mark our disapprobation of his act, shall not forever debar the respondent from the further practice of his profession.

Counsel for the people does not insist that the other charges are sustained by the evidence.

Ordered, that respondent be suspended from practice as attorney or counselor in all the Courts of this State for a period of three months from the date of the filing of this order.